IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER EARL ALLEN, II ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.15-418-SLR |
| ) | |
| WARDEN CAROL EVANS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

1. **Introduction.** Plaintiff Walter Earl Allen, II ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim assert. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion.** Plaintiff alleges that while he was housed at the Plummer Community Corrections Center in Wilmington, Delaware, he was the victim of excessive force on two occasions. The first, on November 12, 2014, when defendant C/O Emig ("Emig") sprayed an entire can of chemical spray in plaintiff's face while plaintiff was handcuffed. The second, on January 15, 2015, when defendant Sgt. Gray ("Gray") grabbed plaintiff's wrist and twisted it aggressively and then used a pressure point move on plaintiff's jaw that resulted in severe bruising and swelling to his face. Plaintiff seeks compensatory damages and injunctive relief.

7. **Respondeat superior.** In addition to Gray and Emig, plaintiff has named Warden Carol Evans ("Evans") as a defendant. It appears that Evans is named as a

3

defendant based upon his supervisory position. There are no allegations directed towards him. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See *Iqbal*, 556 U.S. 662; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities. See *Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id*. The amended complaint raises no cognizable claim against Evans. Therefore, the court will dismiss the claims against him as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

8. **Conclusion**. For the above reasons, the court will dismiss all claims against Evans as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff will be allowed to proceed against Sgt. Gray and C/O Emig on the excessive force claims. A separate order shall issue.

Date: August 6, 2015

UNITED STATES DISTRICT JUDGE